RAYMOND M. SCHIMMEL, ATTORNEY # 187994
1094 Cudahy Place, 310
San Diego, CA 92110 • (619) 275-1250

Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>EMILY ANN HAWORTH,<br><br>Debtor,<br>______________________________<br>EMILY ANN HAWORTH,<br><br>Movant,<br><br>NAVY FEDERAL CREDIT UNION<br><br>Respondent.<br>______________________________ | Case No. 09-01724-PB13<br><br>NOTICE OF HEARING AND MOTION TO TREAT DEBTOR'S AUTOMOBILE LOAN AS PARTIALLY NON-PURCHASE MONEY AND IN PART NOT SUBJECT TO 11 USC §1325 (a)(9)<br><br>Hearing Date: 5/05/09<br>Hearing Time: 10:00 am<br>Department: 2 |

**TO NAVY FEDERAL CREDIT UNION, THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, CHAPTER 13 TRUSTEE, AND ALL INTERESTED PARTIES:**

Please take notice that on May, 5th, 2009 at 10:00 am, in Department 2 of the United States Bankruptcy Court, Southern District of California, 325 West "F" Street, San Diego, California, a hearing will be held on the motion of Emily Ann Haworth, ("Movant"), pursuant to F.R. Bankr. P. 3013, to **determine the partial non-purchase money dual status of the automobile loan of Navy Federal Credit Union on a 2008 Honda Pilot, loan number 43000445531604, (the "Auto Loan") at $8,000 and that said non-purchase money portion be deemed unsecured and not subject to 11 USC 1325 (a)(9)** pursuant to 11 USC 1322(b), 11 USC 506, and In re Penrod, 2008 WL 3854465 (9th Cir.BAP(Cal.)), 08 Cal. Daily Op. Serv. 11,369 and as noticed in paragraph 19 of the Chapter 13 plan. This motion is based upon the

annexed Memorandum of Points and Authorities, Declarations, and Exhibits as applicable.

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, NOT LATER THAN (14) DAYS FROM THE DATE OF SERVICE (there is an additional 3 days allowed for service by mail).

Failure to file an opposition will be deemed a consent to the motion. This motion is supported by this Notice of Motion and Motion, Memorandum of Points and Authorities in Support, Declaration of Movant, together with all pleadings and court documents on file in this case.

Any party desirous of obtaining a copy may make a written request of the undersigned and a copy will be provided to you or you can obtain a copy from the Clerk of the Bankruptcy Court, 325 West "F" Street, San Diego, California during its normal business hours.

Dated: March 27th, 2009

Respectfully submitted,

By: Ray Schimmel

Raymond M. Schimmel, Movant's Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

1. Juridiction is conferred on this court pursuant to the provisions of 28 USC 1334 in that this proceeding arises from and is related to the above captioned case under Title 11.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 USC 1334 and 28 USC 157(b)(2), respectively.

3. This is a core proceeding.

4. This Court also has jurisdiction pursuant to 1331 in light of the Federal Subject Matter of 11 USC 1322.

5. Venue lies in this District pursuant to 28 USC 1391(b).

6. Proceeding to determine dual status of non-purchase money negative equity trade-in component of automobile loan consistent with the opinion of the 9th Cir. BAP in the case In re Penrod, 2008 WL 3854465 (9th Cir.BAP(Cal.)), 08 Cal. Daily Op. Serv. 11,369.

## II.

## PARTIES

7. Emily Ann Haworth ("Movant") is a Debtor under Title 11 of the United States Code.

8. Navy Federal Credit Union, is a "creditor" as defined by 11 USC 101(10) and holds a "claim" as defined by 11 USC 101(5), in Movant's Bankruptcy Case.

9. Respondent is the lender and lien-holder on a 2008 Honda Pilot that was purchased on March 14th, 2008. See Movant's declaration.

## III.

## FACTS

10. The Movant filed for Chapter 13 relief on February 13th, 2009.

11. The automobile was valued at $19,390 using Kelly Blue Book private party value dated 1/15/2009 see Exhibit 1 of Movant's Declaration.

12. The automobile is encumbered by an alleged money purchase security interest in the approximate amount of $35,505.47. *See Request to Take Judicial Notice.* The amount originally financed included $39,398.97 paid to Pacific Honda pursuant to the conditional sales contract (See Exhibit 2 of Movant's Declaration) and $198 for a "Guaranteed Asset Protection Fee," see Request to Take Judicial Notice Proof of Claim 4-1 (attached Promissory Note, Security Agreement and Disclosure dated March 21st, 2008).

13. **As specified in the conditional sales contract between the Respondent and the automobile seller, Pacific Honda, which is dated 3/14/2009 the original loan amount was $39,398.97 that was inclusive of $24,000 owed to Washington State Employee Credit Union on a 2005 Honda Odyssey which was traded in and valued in the contract at $16,000. Accordingly, $8,000 of negative equity from the trade-in was made part of the sale. See Exhibit 2 of Movant's Declaration.**

## IV.

## ARGUMENT

14. The issue presented by this case is whether the Negative Equity creates a dual status loan that in part removes the loan from the "anti cram-down" restrictions of the hanging paragraph of 11 USC 325 (a)(9). It is the contention of Movant that the anti cram-down restrictions do not apply to the $8,000 of negative equity that has been financed by the respondent.

15. The 9th Circuit BAP has held that: (1) a creditor that provided financing less than 910

days prior to the commencement of debtor's Chapter 13 to enable debtor to purchase a motor vehicle for personal use did not have a "purchase money security interest" in the new vehicle for sums that it advanced to enable debtor to pay off the negative equity in a trade in; and (2) such a loan would be deemed "dual status" and the part of the loan balance that was attributable to the negative equity was not subject to the hanging paragraph after 11 USC 1325 (a) (9). In re Penrod, 2008 WL 3854465 (9th Cir.BAP(Cal.)), 08 Cal. Daily Op. Serv. 11,369.

16. Accordingly, the $8,000 " non-purchase money" portion of Respondent's loan resulting from the negative equity trade in should be deemed an unsecured claim pursuant to 11 USC 506(a)(1) and not excepted by 11 USC 1325 (a)(9) which only applies to "purchase money" claims.

**WHEREFORE,** the Movant respectfully prays for relief as follows:

A. Navy Federal Credit Union's secured claim should be treated pursuant to the "dual status rule";

B. $27,505.47 of Navy Federal Credit Union's claim shall be characterized as purchase money and $8,000 as non-purchase money;

C. The anti-cram down prohibition of the "Hanging Paragraph" after 11 USC 1325(a) (9) applies to the $27,505.47 purchase money portion of Navy Federal Credit Union's claim;

E. The anti-cram down prohibition of the "Hanging Paragraph" after 11 USC 1325 (a) (9) does not apply to the $8,000 non-purchase money portion of Navy Federal Credit Unions secured claim;

F. **Attorney Fees and Costs** shall be awarded in the amount of **$450.00** plus costs in connection with this motion, to be paid in the Chapter 13 plan;

G. Such other and further relief as the Court may deem just and proper.

Dated: March 27th, 2009

Rymond M. Schimmel
Attorney for Movant

**CERTIFICATE OF SERVICE**

I, the undersigned whose address appears below, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on March 27th, 2009, I served a true copy of the within NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES, REQUEST TO TAKE JUDICIAL NOTICE and the DECLARATION OF DEBTOR, by First class U.S. MAIL except to Cutler Dawson, President of Navy Federal Credit Union who was served by Certified U.S. Mail on the following persons [set forth name and address of each person served] and/ or as checked below:

Navy Federal Credit Union
One Security Place
P.O. Box 3000
Merrifield, VA 22119-3000

Navy Federal Credit Union
Attn: Cutler Dawson, President/ CEO
820 Follin Ln.
Vienna, VA 22180-4907

Navy Federal Credit Union
P.O. Box 3600
Merrifield, VA 22116

David L. Skelton, Trustee
525 "B" Street, Suite 1430
San Diego, CA 92101-4507

I certify under penalty of perjury that the foregoing is true and correct.

Executed on March 27th, 2009

Raymond M. Schimmel, Esq.
1094 Cudahy Place, Suite 310
San Diego, CA 92110

RAYMOND M. SCHIMMEL, ATTORNEY # 187994
1094 Cudahy Place, 310
San Diego, CA 92110 • (619) 275-1250

Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Emily Ann Haworth,<br>Debtor,<br>_______________<br>Emily Ann Haworth,<br>Movant,<br>Navy Federal Credit Union<br>Respondent. | Case No. 09-01724-PB13<br><br>DECLARATION OF EMILY ANN HAWORTH IN SUPPORT OF MOTION TO TREAT DEBTOR'S AUTOMOBILE LOAN AS PARTIALLY NON PURCHASE MONEY<br><br>Hearing Date: 5/05/2009<br>Hearing Time: 10:00 am<br>Department: 2 |

I, Emily Ann Haworth, hereby declare under penalty of perjury, that the following is true and correct and if called upon would so testify:

1. I purchased a 2008 Honda Pilot subject to a conditional sales contract on March 14th, 2008 from Pacific Honda for $28,999.90 plus tax, license, and other add-ons. The total amount owed under the contract was $39,398.97 which included the cost of paying off the negative equity in my trade-in. Exhibit 2.

2. At the time I purchased the 2008 Honda Pilot, I also traded-in a 2005 Honda Odyssey which I owed approximately $24,000 on and was valued at $16,000 by the dealer. Accordingly, I owed approximately $8000 more on the vehicle than what it was worth.

3. On March 21st, 2008 I obtained financing from Navy Federal Credit Union for $39,597.97 which included the $39,398 paid pursuant to the conditional sales contract

with Pacific Honda and $198 as an "Guranteed Asset Protection Fee." See Request to Take Judical Notice, Exhibit 1 Promissory Note, Security Agreement and Disclosure.

4. On January 15th, 2009, I, with my attorney obtained a Kelly Blue Book private party retail valuation report on the internet valuing my 2008 Honda Pilot at $19,390.

Respectfully submitted,

March 27th, 2009

Emily Ann Haworth Debtor/Movant

# EXHIBIT 1




Send to Printer


A higher Credit Score can mean a lower rate on your car loan.





## 2008 Honda Pilot VP Sport Utility 4D

BLUE BOOK PRIVATE PARTY VALUE



| Condition | Value |
|---|---|
| ✓ Excellent (Selected) | $19,390 |
| Good | $18,290 |
| Fair | $16,890 |




### Vehicle Highlights

**Mileage:** 15,000
**Engine:** V6 3.5 Liter VTEC
**Transmission:** Automatic
**Drivetrain:** 2WD

### Selected Equipment

**Standard**

| | | |
|---|---|---|
| Stability Control | Tilt Wheel | ABS (4-Wheel) |
| Air Conditioning | Cruise Control | Traction Control |
| Rear Air | AM/FM Stereo | Roof Rack |
| Power Steering | Multi Compact Disc | Privacy Glass |
| Power Windows | Dual Front Air Bags | Alloy Wheels |
| Power Door Locks | Front Side Air Bags | |

### Blue Book Private Party Value

Private Party Value is what a buyer can expect to pay when buying a used car from a private party. The Private Party Value assumes the vehicle is sold "As Is" and carries no warranty (other than the continuing factory warranty). The final sale price may vary depending on the vehicle's actual condition and local market conditions. This value may also be used to derive Fair Market Value for insurance and vehicle donation purposes.

**Vehicle Condition Ratings**

✓ **Excellent** (Selected)

$19,390

- Looks new, is in excellent mechanical condition and needs no reconditioning.
- Never had any paint or body work and is free of rust.
- Clean title history and will pass a smog and safety inspection.
- Engine compartment is clean, with no fluid leaks and is free of any wear or visible defects.
- Complete and verifiable service records

Less than 5% of all used vehicles fall into this category

# EXHIBIT 2

Dealer Number 17106 Contract Number 151251 R.O.S. Number 21619522 Stock Number 82027

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| EMILY ANN HAWORTH<br>2203 ARBORVITAE LN<br>SPRING VALLEY SAN DIEGO CA 91977 | PACIFIC HONDA<br>4761 CONVOY ST<br>SAN DIEGO CA 92111 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2008 | HONDA PILOT | 102 | 5FNYF286X8B026429 | [X] personal, family or household<br>[ ] business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0 is |
|---|---|---|---|---|
| 5.99 % | $ 7,600.47(e) | $ 39,398.97 | $ 46,999.44(e) | $ 46,999.44(e) |

(e) means an estimate

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | |
| One Payment of | N/A | |
| 71 Payments | 652.77 | Monthly, Beginning 04/13/2008 |
| Payments | N/A | Monthly, Beginning |
| One Final Payment | 652.77 | 03/13/2014 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

## STATEMENT OF INSURANCE

**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

### Vehicle Insurance

| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | N/A Mos. | $ N/A |
| Bodily Injury | $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage | $ N/A Limits | N/A Mos. | $ N/A |
| Medical | N/A | N/A Mos. | $ N/A |
| | | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | $ N/A(a) |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X [signature]
Co-Buyer X
Seller X PACIFIC HONDA

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Application for Optional Credit Insurance

[ ] Credit Life: [ ] Buyer [ ] Co-Buyer [ ] Both
[ ] Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | | $ N/A |
| Credit Disability | N/A Mos. | | $ N/A |
| Total Credit Insurance Premiums | | | $ N/A (b) |

Insurance Company Name N/A

Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

N/A Date X N/A Buyer Signature N/A Age
N/A Date X N/A Co-Buyer Signature N/A Age

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1N. See your gap contract for details on the protection it provides. It is a part of this contract.
Term N/A Mos N/A Name of Gap Contract

You want to buy a gap contract.

Buyer X

**ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)**

1. **Total Cash Price**
   - A. Cash Price of Motor Vehicle and Accessories $ 28999.00 (A)
     1. Cash Price Vehicle $ 28999.00
     2. Cash Price Accessories $ N/A
     3. Other (Nontaxable)
        Describe $ N/A
        Describe $ N/A
   - B. Document Preparation Fee (not a governmental fee) $ 55.00 (B)
   - C. Smog Fee Paid to Seller $ N/A (C)
   - D. (Optional) Theft Deterrent Device (to whom paid) KARR $ 595.00 (D)
   - E. (Optional) Theft Deterrent Device (to whom paid) $ N/A (E)
   - F. (Optional) Surface Protection Product (to whom paid) FINTCH $ 695.00 (F)
   - G. (Optional) Surface Protection Product (to whom paid) $ N/A (G)
   - H. Sales Tax (on taxable items in A through G) $ 2351.66 (H)
   - I. Optional DMV Electronic Filing Fee $ 28.00 (I)
   - J. (Optional) Service Contract (to whom paid) $ N/A (J)
   - K. (Optional) Service Contract (to whom paid) $ N/A (K)
   - L. (Optional) Service Contract (to whom paid) $ N/A (L)
   - M. Prior Credit or Lease Balance paid by Seller to WASHINGTON ST EMPLOYEE CU $ 6,409.56 (M)
     (see downpayment and trade-in calculation)
   - N. (Optional) Gap Contract (to whom paid) $ N/A (N)
   - O. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A (O)
   - P. Other (to whom paid) $ N/A (P)
     For

   Total Cash Price (A through P) $ 39133.22 (1)
2. **Amounts Paid to Public Officials**
   - A. License Fees $ 239.00 (A)
   - B. Registration/Transfer/Titling Fees $ 18.00 (B)
   - C. California Tire Fees $ 8.75 (C)
   - D. Other $ N/A (D)

   Total Official Fees (A through D) $ 265.75 (2)
3. **Amount Paid to Insurance Companies** $ N/A (3)
   (Total premiums from Statement of Insurance column a + b)
4. [ ] **Smog Certification or** [ ] **Exemption Fee Paid to State** N/A $ N/A (4)
5. **Subtotal** (1 through 4) $ 39398.97 (5)
6. **Total Downpayment**
   - A. Agreed Trade-In Value Yr 2005 Make HONDA $ 16000.00 (A)
     Model ODYSSEY Odom 46847
     VIN 5FNRL38735B086141
   - B. Less Prior Credit or Lease Balance $ 24000.00 (B)
   - C. Net Trade-In (A less B) (indicate if a negative number) $ 8000.00 (C)
   - D. Deferred Downpayment $ N/A (D)
   - E. Manufacturer's Rebate $ N/A (E)
   - F. Other $ N/A (F)

B. Registration/Transfer/Titling Fees $ 18.00 (B)
C. California Tire Fees $ 8.75 (C)
D. Other $ N/A (D)
**Total Official Fees** (A through D) $ 265.75 (2)

3. **Amount Paid to Insurance Companies**
(Total premiums from Statement of Insurance column a + b) $ N/A (3)
4. ☐ **Smog Certification or** ☐ **Exemption Fee Paid to State** $ N/A (4)
5. **Subtotal** (1 through 4) N/A $ 39398.97 (5)
6. **Total Downpayment**
A. Agreed Trade-In Value Yr 2005 Make HONDA $ 16000.00 (A)
Model ODYSSEY Odom 46847
VIN 5FNRL38735B086141
B. Less Prior Credit or Lease Balance $ 24000.00 (B)
C. Net Trade-In (A less B) (indicate if a negative number) $ 8000.00 (C)
D. Deferred Downpayment $ N/A (D)
E. Manufacturer's Rebate $ N/A (E)
F. Other $ N/A (F)
G. Cash $ 1590.44 (G)
**Total Downpayment** (C through G) $ 0 (6)
(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1M above)
7. **Amount Financed** (5 less 6) $ 39398.97 (7)

NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

N/A Date X N/A Buyer Signature N/A Age
N/A Date X N/A Co-Buyer Signature N/A Age

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1N. See your gap contract for details on the protection it provides. It is a part of this contract.
Term N/A Mos N/A Name of Gap Contract
You want to buy a gap contract.
Buyer X

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1J, 1K, and/or 1L above.
1J Company N/A
Term ____ Mos. or ____ Miles
1K Company N/A
Term ____ Mos. or ____ Miles
1L Company N/A
Term ____ Mos. or ____ Miles
Buyer X

**SELLER ASSISTED LOAN**
**BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.**
Proceeds of Loan From: N/A
Amount $ N/A Finance Charge $ N/A
Total $ N/A Payable in N/A
installments of $ N/A $ N/A
from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
**If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:**
☐ **Name of autobroker receiving fee, if applicable:**
N/A

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
X [signature] Buyer X N/A Co-Buyer

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X [signature]
Co-Buyer Signs X N/A

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before MARCH 21, Year 08. SELLER'S INITIALS JR

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/S X [signature] X N/A

**Representations of Buyer:** Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade-In Vehicle. You represent that you have given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in item 6B as "Prior Credit or Lease Balance," you must pay Seller the excess on demand. If the payoff amount is less than the amount shown above in item 6B as "Prior Credit or Lease Balance," Seller will refund the difference to you.
Buyer X [signature] Co-Buyer X

**Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

**If you have a complaint concerning this sale, you should try to resolve it with the seller.**
**Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.**
**After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.**
Buyer Signature X [signature] Co-Buyer Signature X N/A

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.**

Buyer Signature X [signature] Date 03/14/2008 Co-Buyer Signature X N/A Date N/A
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other Owner Signature X N/A Address N/A

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.
Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.
Guarantor X N/A Date N/A Guarantor X N/A Date N/A
Address N/A Address N/A

Seller Signs PACIFIC HONDA Date 03/14/2008 By X [signature] Title MANAGER

LAW FORM NO. 553-CA (REV. 1/07) U.S. PATENT NO. D460,782
©2007 Reynolds and Reynolds TO ORDER www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER / TRUTH IN LENDING COPY

RAYMOND M. SCHIMMEL, ATTORNEY # 187994
1094 Cudahy Place, 310
San Diego, CA 92110 • (619) 275-1250

Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Emily Ann Haworth,<br><br>Debtor,<br>_______________<br>Emily Ann Haworth,<br><br>Movant,<br><br>Navy Federal Credit Union<br><br>Respondent.<br>_______________ | Case No. 09-01724-PB13<br><br>REQUEST TO TAKE JUDICIAL NOTICE OF NAVY FEDERAL CREDIT UNION CLAIM NUMBER 4-1 DOCKETED<br><br>Hearing Date: 5/05/2009<br>Hearing Time: 10:00 am<br>Department: 2 |

## REQUEST TO TAKE JUDICIAL NOTICE

Debtor requests under the provisions of Federal Rules of Evidence, Rule 201, that this Court take judicial notice of the following:

1. Secured claim No. 4-1, filed March 25th, 2009 by Navy Federal Credit Union in the amount of $35,505.47.

2. Promissory Note, Security Agreement and Disclosure attached to Navy Federal Credit Union's claim no. 4-1, filed March 25th, 2009.

3. Debtor's Chapter 13 plan, filed herein on February 13th, 2009.

4. The Kelly Blue Book valuation of January 15th, 2009. A true and correct photo copy attached to the Declaration of Emily Ann Haworth.

Dated: March 27th, 2009

Respectfully submitted,

By: ______________________
Raymond M. Schimmel, Movant's Attorney

# EXHIBIT 1

B10 (Official Form 10) (12/07)

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF CALIFORNIA** — **PROOF OF CLAIM**

Name of Debtor:
EMILY ANN HAWORTH XXX-XX-0087

Case Number: 09-01724

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Navy Federal Credit Union**

Name and address where notices should be sent:
**Navy Federal Credit Union**
**PO Box 3000**
**Merrifield, VA. 22119-3000**
Telephone number: 800 336 3767 ext 45792

__ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**____________
(*If known*)

Filed on:________________

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed: $35,505.47**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

_ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim: VEHICLE LOAN**
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor: 409032704**
3a. **Debtor may have scheduled account as:** ________________
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of set off and provide the requested information.

**Nature of property or right of set off:** _Real Estate _X_ Motor Vehicle__ Other
**Describe: 08 HONDA**

**Value of Property: $35,505.47 Annual Interest Rate 6.5%**

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any: Basis for perfection:** _________

**Amount of Secured Claim: $35,505.47 Amount Unsecured:**

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$____________

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 3/25/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

**ALEXANDRA VARGAS, Bankuptcy Specialist**

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## PROMISSORY NOTE, SECURITY AGREEMENT AND DISCLOSURE




THIS DOCUMENT INCLUDES A PROMISSORY NOTE, A SECURITY AGREEMENT AND A TRUTH-IN-LENDING DISCLOSURE. PLEASE READ EVERYTHING CAREFULLY. THERE ARE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE. YOU ARE BOUND BY THOSE TERMS AND CONDITIONS AS WELL AS THOSE ON THIS SIDE. NAVY FEDERAL CREDIT UNION IS IDENTIFIED IN THIS DOCUMENT AS 'NFCU' AND THE MEMBER AND ANY COSIGNER WILL BE IDENTIFIED AS 'BORROWER'. DO NOT ALTER THIS DOCUMENT. NOTIFY US IF A CHANGE IS NECESSARY. VERIFY ALL COMPLETED SPACES. COMPLETE SIGNATURES WHERE INDICATED ☞ BELOW.

PALN 008227066

(1) Borrower's Name and Address

EMILY A HAWORTH
2203 ARBORVITAE LN
SPRING VALLEY CA 91977-7101

DATE: (2) 03/21/08

LOAN NO (3) -04

IT2_MP Prom Note-Bcode Route 04072008_004_00_053

| PURPOSE OF LOAN | CHECK/DRAFT-OFFICE USE ONLY |
|---|---|
| (4) NEW VEHICLE | 0201199488 |

AMOUNT FINANCED
(5) $ THIRTY-NINE THOUSAND FIVE HUNDRED NINETY-SEVEN---97/100

| OLD LOAN BALANCE(S) (if any) | | INTEREST DUE ON OLD LOAN BALANCE(S) | | CASH TO MEMBER | | AMOUNT FINANCED |
|---|---|---|---|---|---|---|
| (6) $ .00 | + | (7) $ .00 | + | (8) $ 39,597.97 | = | (9) $ 39,597.97 |

### TRUTH-IN-LENDING DISCLOSURE

**ANNUAL PERCENTAGE RATE** (10) 6.500 %
The cost of your credit as a yearly rate.

**FINANCE CHARGE** (11) $ 9,998.15
The dollar amount the credit will cost you.

AMOUNT FINANCED (12) $ 39,597.97
The amount of credit provided to you on your behalf.

TOTAL OF PAYMENTS (13) $ 49,596.12
The amount you will have paid after you have made all payments as scheduled.

Your **PAYMENT SCHEDULE** will be:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| (14) 84 | (15) $ 590.43 | (16) Monthly, beginning 05/13/08 |

**SECURITY:** You are pledging a security interest in the collateral described below:

| MAKE and YEAR | Collateral Description | Serial Number |
|---|---|---|
| (17) 08 HONDA | (18) PICKUP TRUCK 6 | (19) |
| (20) | OTHER: Shares and dividends in accordance with Section 107(11) of the Federal Credit Union Act. | |

**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.
**LATE PAYMENT:** If any amount due is not received by the payment due date, you may be required to pay Navy Federal a late charge equal to $20. Navy Federal may also assess the late payment fee every month thereafter that you are past due.
See the Promissory Note and Security Agreement below for information concerning nonpayment and default.

**PAYMENT PROTECTION PLAN FEE** (21) $
The total amount of fees you will pay if optional Payment Protection Plan was selected.

☐ Option A Life Protection $0.072 per $100 of loan balance per month
☐ Option B Life and Disability $0.134 per $100 of loan balance per month
☐ Option C Life, Disability and Involuntary Unemployment $0.272 per $100 of loan balance per month
☒ Protection Declined

**GUARANTEED ASSET PROTECTION FEE - $199**
The total amount of fees you will pay if optional Guaranteed Asset Protection was selected.

☒ Protection Selected
☐ Protection Declined
☐ Not Eligible

I understand that I can cancel either Payment Protection Plan or Guaranteed Asset Protection at any time by contacting Navy Federal Credit Union.

### PROMISSORY NOTE AND SECURITY AGREEMENT

**The following consumer protection notice is required by the Federal Trade Commission:**

Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor.

The undersigned ("Borrower") jointly and severally, waiving rights of demand and notice, hereby promise to pay to the order of NFCU the amount shown in block 12 of the Truth-in-Lending Disclosure above, with interest on the unpaid balance at the ANNUAL PERCENTAGE RATE shown in block 10, in installments as shown in the payment schedule. Interest is charged on a daily basis from the date of the Promissory Note. ANNUAL PERCENTAGE RATE does not reflect the effect of deposits required to secure this loan.

Borrower acknowledges receipt of a completed copy of this instrument and disclosure statement prior to consummation of the loan. This agreement is entered into and shall be governed, in all respects, by Federal Law and when necessary the laws of the State of Virginia.

Borrower is hereby notified that a negative credit report reflecting on Borrower's credit record may be submitted to credit reporting agencies if Borrower fails to fulfill the terms of Borrower's credit obligations.

I CERTIFY that all information provided by me is true and complete. (Section 1014, Title 18 US Code makes it a Federal crime to knowingly make a false statement or report in the application for the purpose of influencing a Federal Credit Union.)

MEMBER (BORROWER) ☞ [signature] (Seal)
EMILY A HAWORTH

If Payment Protection Plan or Guaranteed Asset Protection has been selected above, I request that protection and agree to the terms in the Agreement and Disclosure.

COSIGNER ☞ ____________________ (Seal)

I confirm as Cosigner, that I have read and fully understand the provisions of the attached Notice to Cosigner as required by Federal Regulation.

By signing this note as Owner of Collateral Other Than Borrower, I agree that my ownership interest in the collateral is subject to the security agreement only. I am not bound to repay the loan.

OWNER OF COLLATERAL OTHER THAN BORROWER ☞ ____________________ (Seal)



NOTICE: See other side for additional disclosures and Security Agreement